**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10537 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00523-KJD-LRL-1 |
| v. | |
| DAVID KLUCKA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted November 30, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.[**]

David Klucka appeals his misdemeanor convictions. We affirm.

The Sixth Amendment allows the defendant to make significant tactical

decisions regarding his own case instead of being subjected against his will to the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for Northern District of Ohio, sitting by designation.

strategy of counsel.  *Faretta v. California*, 422 U.S. 806 (1975); *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984).  A defendant must have the opportunity to "control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial."  *Id*. at 174.  In this case, Klucka maintained control over his defense and participated fully in the trial.  He argued points of law, made statements to the court and the jury, examined witnesses, and so forth.

Klucka's complaint is limited to one sidebar conference from which, he contends, he was excluded.  But that conference concerned a subject as to which standby counsel had previously spoken, at Klucka's request.  The comments added by Klucka on that previous occasion did not take a position different from that standby counsel had taken, so there was no reason for the district court to infer that Klucka had rescinded permission for standby counsel to speak.  *See id.* at 182 ("a *pro se* defendant's solicitation of or acquiescence in certain types of participation by counsel substantially undermines later protestations that counsel interfered unacceptably").  At the time of the sidebar conference, Klucka did not indicate a desire to participate and did not object to the discussion proceeding without him.  Under the circumstances, Klucka's failure to participate in the sidebar conference

2

appears more the result of his failure to request an opportunity to participate than any exclusion by the district court.

There was, moreover, no prejudice suffered by Klucka from his failure to participate in that one sidebar conference. Klucka does not complain about the position taken by standby counsel at that conference and does not contend that the result of the conference would have been any different had he been allowed to participate directly. Instead, he suggests only that his role may have diminished in the eyes of the jury and that the jury might not have perceived him as being in control of his own defense. In light of Klucka's personal participation in virtually every other aspect of the trial, the claim that the jury would have perceived his role as limited is unpersuasive.

**AFFIRMED.**